WEBSTER, Judge,
concurring in part and dissenting in part.
I agree that the cost issue was not preserved, and is not of the type that would constitute fundamental error. I also agree that appellant failed' to preserve his claim regarding four of the eight victim injury points that were assessed. However, I am unable to agree that the record clearly reflects a waiver as to the remaining four points.
The majority relies for its conclusion that appellant waived any complaint as to the remaining four points on defense counsel’s response to the judge’s question that he had “reviewed the modified scoresheet” and “agree[d] with the calculations.” Appellant argues that “[c]ounsel’s affirmative response [to this question] meant only that he agreed the modified scoresheet was calculated [i.e., computed] properly, not that the victim injury points were properly included.” It seems to me that the' interpretation urged by appellant is at least as plausible as that of the majority. In the absence of any record material to clarify defense counsel’s intent, I would give appellant the benefit of the doubt and adopt the interpretation he urges.
On the merits, it is apparent that the four points were improperly assessed. Subtraction of those points would render the sentence appellant received a departure, for which no reasons were given. Accordingly, I would reverse the assessment of the four victim injury points and the sentence, and remand with directions that the trial court resentence appellant based upon the score-sheet as corrected.